UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACEY GREENFIELD,<br><br>Plaintiff,<br><br>– against --<br><br>CRITERION CAPITAL MANAGEMENT, LLC, CRITERION CAPITAL PARTNERS MASTER FUND, L.P., CRITERION CAPITAL PARTNERS MASTER FUND GP, LTD., CRITERION HORIZONS MASTER FUND, L.P., CRITERION HORIZONS MASTER FUND GP, LTD., CRITERION VISTA MASTER FUND, L.P., CRITERION VISTA MASTER FUND GP, L.P., CHRISTOPHER H. LORD, DAVID RILEY, TOMOKO FORTUNE, and VEEVA SYSTEMS INC.,<br><br>Defendants. | 15 Civ. 4937<br><br>(*Jury Trial Demanded*) |

## COMPLAINT

Plaintiff Stacey Greenfield ("Greenfield") by her undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1. Plaintiff Greenfield is a New York resident who is the owner of Class A common stock, par value $0.00001 of Veeva Systems Inc. ("Veeva" or the "Company").

2. Veeva, a nominal defendant herein, is a Delaware corporation with its principal place of business at 4637 Chabot Drive, Suite 210, Pleasanton, California 94588.

3. Defendant Criterion Capital Management, LLC ("Criterion Capital") is a California limited liability company with its principal place of business at 4 Embarcadero Center, 34th Floor, San Francisco, CA 94111.

Veeva_Comp_v3.docx

4.      Defendant Criterion Capital Partners Master Fund, L.P. ("Criterion Capital Partners") is a Cayman Islands exempted limited partnership, with its principal business at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands.

5.      Defendant Criterion Capital Partners Master Fund GP, Ltd. ("Partners GP") is a Cayman Islands company with its principal business at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands.  Partners GP serves as the general partner of Criterion Capital Partners.

6.      Defendant Criterion Horizons Master Fund, L.P. is a Cayman Islands exempted limited partnership (the "Horizons Master Fund") with its principal business at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands.

7.      Defendant Criterion Horizons Master Fund GP, Ltd. ("Horizons GP") is a Cayman Islands company with its principal business at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands.  Horizons GP serves as the general partner of the Horizons Master Fund.

8.      Defendant Criterion Vista Master Fund, L.P. is a Cayman Islands exempted limited partnership (the "Vista Master Fund") with its principal business at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands.

9.      Defendant Criterion Vista Master Fund GP, L.P. ("Vista GP") is a Cayman Islands company with its principal business at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands.  Vista GP serves as the general partner of the Vista Master Fund.

10. Defendant Christopher H. Lord ("Lord") is an individual with a business address at 4 Embarcadero Center, 34th Floor, San Francisco, CA 94111. Lord is one of three members and portfolio managers of Criterion Capital.

11. Defendant David Riley ("Riley") is an individual with a business address at 4 Embarcadero Center, 34th Floor, San Francisco, CA 94111. Riley is one of three members and portfolio managers of Criterion Capital.

12. Defendant Tomoko Fortune ("Fortune") is an individual with a business address at 4 Embarcadero Center, 34th Floor, San Francisco, CA 94111. Fortune is one of three members and portfolio managers of Criterion Capital. Trusts established by Lord, Riley and Fortune own Criterion Capital.

13. Criterion Capital and its members, Lord, Riley and Fortune, established each of Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund as hedge funds in order to manage their investments and to generate substantial fees. Criterion Capital earns an annual management fee of between 1.25% and 1.5% of each hedge fund's assets and also earns a performance fee of each hedge fund's annual net profits.

14. Criterion Capital serves as the investment adviser, with discretionary trading authority, to private pooled investment vehicles, including (i) Criterion Institutional Partners, L.P., a Delaware limited partnership (the "Capital Partners Domestic Fund"), (ii) Criterion Capital Partners Ltd., a Cayman Islands exempted company (the "Capital Partners Offshore Fund"), (iii) Criterion Capital Partners Master Fund, L.P., a Cayman Islands exempted limited partnership, which serves as the master fund into which the Capital Partners Domestic Fund and the Capital Partners Offshore Fund invest substantially all of their assets through a "master feeder" structure, (iv) Criterion Horizons Fund, L.P., a Delaware limited

3

partnership (the "Horizons Domestic Fund"), (v) Criterion Horizons Offshore Ltd., a Cayman Islands exempted company (the "Horizons Offshore Fund"), (vi) Criterion Horizons Master Fund, L.P., a Cayman Islands exempted limited partnership, which serves as the master fund into which the Horizons Domestic Fund and the Horizons Offshore Fund invest substantially all of their assets through a "master feeder" structure, (vii) Criterion Vista Fund, L.P., a Delaware limited partnership (the "Vista Domestic Fund"), (viii) Criterion Vista Offshore Ltd., a Cayman Islands exempted company (the "Vista Offshore Fund"), and (ix) Criterion Vista Master Fund, L.P., a Cayman Islands exempted limited partnership, which serves as the master fund into which the Vista Domestic Fund and the Vista Offshore Fund invest substantially all of their assets through a "master feeder" structure.  Criterion Capital is also the general partner of Capital Partners Domestic Fund, the Horizons Domestic Fund, and the Vista Domestic Fund.

15.     Criterion Capital selects all investments by Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund.  Criterion Capita provides Criterion Capital Partners, the Horizons Fund and the Vista Master Fund with office space, utilities, research, clerical and administrative services, including payment of the salaries of all personnel providing these services.

## JURISDICTION AND VENUE

16.     This action is brought on behalf of Veeva pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## THE GOVERNING LAW

17. Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

## SECTION 16(b) GROUP ACTIVITY

18. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a less than six-month period.

19. Defendants Criterion Capital, Criterion Capital Partners, Partners GP, the Horizons Master Fund, Horizons GP, the Vista Master Fund, Vista GP, Lord, Riley and Fortune constitute a group (collectively the "Criterion Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act. At all relevant times, the Criterion Group was a greater than 10% beneficial owner of the Company's Class A common stock, $0.00001 par value (the "Class A Common Stock") and garnered short-swing

5

profits disgorgeable to the Company in the transactions hereinafter set forth. As all purchases and sales for each of the Criterion Group members were directed by Lord, Riley and Fortune at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act for the purpose of acquiring, holding and disposing of shares of Class A Common Stock. Other indicia of group membership include the fact that various SEC filings were made collectively on behalf of all group members; Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund purchased and sold shares of Class A Common Stock at the same time; Criterion Capital is the investment manager of Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund; Lord, Riley and Fortune are the members and portfolio managers of Criterion Capital; and Criterion Capital provides various services to Criterion Capital Partners, the Horizons Fund and the Vista Fund.

DEFENDANTS' PURCHASE AND SALE TRANSACTIONS

20.     While the Criterion Group was a greater than 10% beneficial owner, Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund each purchased shares of Class A Common Stock at various times during the period between March 26, 2014 and September 12, 2014, purchasing an aggregate of approximately 3.6 million shares of Class A Common Stock. Also, while the Criterion Group was a greater than 10% beneficial owner, Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund each sold shares at various times between September 30, 2014 and December 31, 2014, selling an aggregate of approximately 1.1 million shares of Class A Common Stock. Between December 31, 2014 and April 10, 2015, the Criterion Group sold its entire remaining stake of

6,344,132 shares of Class A Common Stock, certain of which sales occurred while the Criterion Group was a greater than 10% beneficial owner.

21.     Although the Criterion Group became a greater than 10% beneficial owner of shares of Class A Common Stock, the Criterion Group violated Section 16(a) of the Exchange Act and failed to report its greater than 10% beneficial ownership on SEC Form 3 required to be filed under SEC Rule 16a-3.  Likewise, the Criterion Group continued to violate Section 16(a) and SEC Rule 16a-3 by failing to report its purchases and sales of shares of Class A Common Stock on SEC Form 4 while the Criterion Group was a greater than 10% beneficial owner.  Due to these SEC reporting violations, it is not possible to compute the amount of short-swing profits garnered by the Criterion Group from its short-swing trading of shares of Class A Common Stock.  However, based on Schedule 13G and Form 13F filings made by the Criterion Group, the Criterion Group purchased approximately 3.6 million shares while it was a greater than 10% beneficial owner between the period from March 26, 2014 through September 12, 2014 and sold approximately 1.1 million shares while it was a greater than 10% beneficial owner between the period from September 30, 2014 through December 31, 2014 and continued to sell shares after December 31, 2014 while still a greater than 10% beneficial owner.  Based on the trading prices of Veeva shares during these periods, defendants likely garnered millions of dollars in disgorgeable short-swing profits.

THE CRITERION GROUP'S REPEATED VIOLATIONS OF THE EXCHANGE ACT

22.     The Criterion Group repeatedly and materially violated the reporting requirements under the Williams Act and under Section 16(a) of the Exchange Act.  These actions were designed to deprive the marketplace of critical information concerning the

7

Criterion Group's plans to acquire a substantial stake in the Company as well as to conceal the Criterion Group's short-swing profit liability.

23.     The Criterion Group filed its initial Schedule 13G on April 4, 2014, reporting a "Date of Event Which Requires Filing of this Statement" of March 26, 2014.  This initial Schedule 13G reported beneficial ownership of 15.8%.  Thus, the Criterion Group kept the investing public in the dark as it amassed a huge stake in the Company in brazen violation of the Williams Act.  The Criterion Group was obligated to file its initial Schedule 13G within 10 days of acquiring beneficial ownership of greater than 5% and was obligated to then file an amendment promptly upon acquiring beneficial ownership of greater than 10%.  See SEC Rules 13d-1(c) and 13d-2(d).

24.     The Criterion Group continued to keep the investing public in the dark as it continued to amass an even larger stake in the Company, filing an Amendment No. 1 to its Schedule 13G on April 17, 2014, reporting beneficial ownership of 19.9% and reporting a "Date of Event Which Requires Filing of this Statement" of April 3, 2014.  With a triggering date of April 3, 2014, the Criterion Group delayed its filing by two full weeks, in clear violation of the requirement to file its amendment "promptly."  See SEC Rule 13d-2(d) and SEC Release 34-39538 at N.14 (Jan. 12, 1998).

25.     Because the Criterion Group became a greater than 10% beneficial owner of the Company's Class A Common Stock at least as early as March 26, 2014, the Criterion Group was obligated to file an initial Form 3 under Section 16(a) of the Exchange Act within 10 days and thereafter to file Forms 4 to report any transactions in the Class A Common Stock within two business days of any such transactions.  The Criterion Group failed to make any Form 3 or Form 4 filings.

26. Finally, the Criterion Group was required under SEC Rule 13d-2(d) to file an amendment to its Schedule 13G filing promptly to report any 5% change in its beneficial ownership. However, the Criterion Group filed its Amendment No. 2 to its Schedule 13G on April 10, 2015 reporting that it had completely divested its ownership stake, again keeping the investing public in the dark, after its most recent filing of its Amendment No. 3 to Schedule 13G, filed on February 17, 2015 had reported beneficial ownership of 10.7%.

27. Because the Criterion Group members failed to comply with their reporting obligations under the Exchange Act, it is not possible to ascertain the precise amount of the short-swing profits that are subject to disgorgement, but it is believed that such short-swing profits total at least $500,000.

AS AND FOR A FIRST CLAIM FOR RELIEF<br><u>AGAINST THE CRITERION GROUP</u>

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27, *supra*, as if fully set forth herein.

29. As particularized in paragraphs 20 and 21, *supra,* during the period between March 26, 2014 and December 31, 2014 (and thereafter), the Criterion Group engaged in purchase and sale transactions in the Class A Common Stock which resulted in disgorgeable short-swing profits of at least $500,000.

30. As the purchases and sales were effected for the accounts of Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund, each of these defendants is liable for its respective short-swing profits.

AS AND FOR A SECOND CLAIM FOR RELIEF
AGAINST CRITERION CAPITAL, PARTNERS GP, HORIZONS GP,
VISTA GP, LORD, RILEY AND FORTUNE

31.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30, *supra*, as if fully set forth herein.

32.     As particularized in paragraphs 3 through 21 *supra*, Criterion Capital, Partners GP, Horizons GP, Vista GP, Lord, Riley and Fortune are members of the Criterion Group who engaged in transactions on behalf of Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund which yielded short-swing profits subject to disgorgement to the Company.

33.     Defendants Criterion Capital, Partners GP, Horizons GP, Vista GP, Lord, Riley and Fortune have a pecuniary interest in short-swing profits realized by Criterion Capital Partners, the Horizons Master Fund and the Vista Master Fund and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to Veeva their short-swing profits.

34.     Plaintiff is unable to precisely ascertain Criterion Capital's, Partners GP's, Horizons GP's, Vista GP's, Lord's, Riley's and Fortune's pecuniary interests in the transactions.

ALLEGATIONS AS TO DEMAND

35.     Plaintiffs made due demand on Veeva on April 14, 2015 to commence this lawsuit, but it failed to do so.

WHEREFORE, plaintiff demands judgment on behalf of Veeva against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
June 24, 2015

        KORNSTEIN VEISZ WEXLER
         & POLLARD, LLP


By: _____s/ Paul D. Wexler_____
      Paul D. Wexler
757 Third Avenue, 18th Floor
New York, New York 10017
Tel. No. (212) 418-8600
Email: PaulWexler@kvwmail.com

Attorneys for Plaintiff